UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:21CV-00053-JHM**

**CONNIE S. BROOKS**                                                                                 **PLAINTIFF**

**V.**

**SPECIALTY FOODS GROUP, LLC,** *et al.*                               **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendants Specialty Foods Group, LLC, and Kevin Clark for Summary Judgment. [DN 34]. Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

On April 15, 2021, Plaintiff Connie Brooks filed a complaint against Defendants Specialty Foods Group, LLC, and Kevin Clark in the Daviess Circuit Court alleging a violation of the Family Medical Leave Act ("FMLA") and state law claims for promissory estoppel and age discrimination, hostile work environment, retaliation under the Kentucky Civil Rights Act, KRS § 344.040 and KRS § 344.280. [DN 1-1]. Defendants removed this matter to this Court on the basis of federal question jurisdiction arising from the sole federal claim asserted herein, i.e., the FMLA claim asserted in Count Three.

With respect to the FMLA claim, Brooks alleges that in 2012 she suffered shoulder and ankle injuries from an accident that occurred at work. She argues that she was entitled to receive FMLA benefits and leave as a result of the accident. She contends that her right to use FMLA leave was interfered with by Clark "speaking with the doctor before [the doctor] checked on the plaintiff and her condition." [*Id.*]. Brooks further asserts that Defendants failed to offer her light duty upon her return to work. [*Id.*].

Defendants now file this motion for summary judgment. [DN 34].

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

## III. DISCUSSION

As there is no diversity of citizenship, the Court will address the sole federal claim first. Defendants argue that Brooks's FMLA claim (Count III) is barred by the statute of limitations. [DE 34-1 at 21]. Brooks does not address this argument.

The statute of limitations for a FMLA claim is two years, unless the employer's violation was willful, in which case the statute of limitations is three years. *See* 29 U.S.C. § 2617(c)(1), (2). The statute of limitations starts running as of "the date of the last event constituting the alleged violation for which the action is brought." *See id.*; *Hasanaj v. Detroit Pub. Sch. Cmty. Dist.*, 35 F.4th 437, 455 (6th Cir. 2022); *Marrero-Perez v. Yanfeng US Auto. Interior Sys. II LLC*, No. 3:21-CV-645-RGJ, 2022 WL 4368165, at *6 (W.D. Ky. Sept. 21, 2022). Brooks alleges that the events related to her FMLA claim occurred in 2012. [DN 1-1 at 5, 31]. Brooks initiated this action on April 15, 2021. [DN1-1]. Even assuming Brooks's FMLA claim was subject to the three-year statute of limitations, her claim would still be time barred by approximately six years. Accordingly, Defendants' motion for summary judgment on Brooks's FMLA claim is granted.

Having dismissed the sole federal claim presented to this Court upon removal from state court, the Court in its discretion declines to exercise supplemental jurisdiction over the remaining state law claims and remands them to the Daviess Circuit Court. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim" in situations when "the district court has dismissed all claims over which it has original jurisdiction."); *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966) (holding that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well."); *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 454 (6th Cir. 2014); *Gongwer v. Samaritan Reg'l Health Sys.*, 69 F. Supp. 3d 686, 696 (N.D. Ohio 2014).

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment on Plaintiff's FMLA claim (Count III) [DN 34] is **GRANTED**. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims (Counts

I, II, IV, and V), and therefore **REMANDS** this case to the Daviess Circuit Court.

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Counsel of Record
Daviess Circuit Court

March 27, 2023